Patrick W. MURPHY, Plaintiff—Appellant,

v.

James TOWNSEND, et al., Defendants,

Donald H. WILLIAMS; Richard D. Morrison; Phyllis Wene, Defendants—Appellees.

No. 02–35342.

D.C. No. CV–97–00851–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided June 23, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before LAY,* GOODWIN, and GOULD, Circuit Judges.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

A state court jury awarded Murphy $2.6 million in damages. Meanwhile, Murphy's parallel federal action for violation of his civil rights (42 U.S.C. § 1983) was proceeding at a slower pace. In due course, the state court of appeals reversed Murphy's state court judgment, and the district court granted summary judgment for the defendants. Murphy appeals, and we affirm.

Following a rancorous election campaign for the office of sheriff, in which Murphy was the loser, he sued the state pharmacy board, various county officials, and the county government, as their employer, in the two courts. Both cases were founded on the same facts: Certain state and local officials, pursuant to statutory authority, at the suggestion of a pharmacist, had pursued an investigation of Murphy's purchases of prescription drugs.

The investigators examined, without warrants, but under the color of statutory authority, the sales records of every pharmacy in a three-city area. The investigation, which included interviews with pharmacists, revealed that Murphy had filled 258 prescriptions for controlled substances in eight different pharmacies over a period of seventeen months. This information was turned over to the county prosecutor who brought criminal charges against Murphy, but dropped them after the state trial court suppressed the evidence. Murphy, displeased by the resulting publicity, sued for damages.

After the state court jury rendered its verdict, and while the appeal was pending in the state courts, the district court terminated Murphy's federal action upon the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

application of, *inter alia,* the Rooker–Feldman doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Under the Rooker–Feldman doctrine, a federal district court does not have jurisdiction to review the final determinations made by a state court in a particular case. If the "constitutional claims presented to a United States district court are inextricably intertwined" with a state court's determinations, then the district court is "in essence being called upon to review the state court decision." *Id.* 483–84 n. 16, 103 S.Ct. 1303. *See also Robinson v. Ariyoshi,* 753 F.2d 1468, 1471–72 (9th Cir.1986) (federal court cannot review constitutional issues if consideration would require a review of the allegations underlying the state judicial decision).

This court has recognized that no "bright line" rule exists to distinguish those claims inextricably intertwined with a state court's decision from those that are not. *See Worldwide Church of God v. McNair,* 805 F.2d 888, 892 (1986). Rather, "the crux of the question is whether there has already been actual consideration of and a decision on the issue presented." *Id.* (quoting *Robinson,* 753 F.2d at 1472). "If consideration and decision have been accomplished, action in federal court is an impermissible appeal from the state court decision." *Id.*

Murphy's § 1983 claim centers on the Defendants' purported disregard of his "reasonable expectation of privacy in his health care information afforded and protected by the 4th and 14th Amendments to the U.S. Constitution." However, the Washington Court of Appeals has already considered this issue and held that Murphy has no constitutional privacy interest in the confidentiality of his prescription history. By presiding over Murphy's § 1983 claim, a district court would have to revisit this issue, in direct violation of the Rooker–Feldman doctrine. *See Fontana Empire Center, LLC v. City of Fontana,* 307 F.3d 987, 992 (9th Cir.2002) (Rooker–Feldman doctrine applies "if the relief requested in the federal action would effectively reverse the state court decision or void its ruling") (Lay, J.) (citation omitted). Therefore, summary judgment for the Defendants was appropriate in this case.

Because the Rooker–Feldman doctrine precluded the district court from proceeding with the action, we decline to reach the question whether the Defendants waived their res judicata defense and whether they are entitled to qualified immunity. We remand to the district court for an order dismissing the case for want of jurisdiction.

REMANDED with instructions